Dissenting opinion by Senior Judge Nebeker, at page 570.
 

 Blackburne-Rigsby, Chief Judge:
 

 Appellant Crawford James Jr.
 
 [1]
 
 appeals his conviction for one count of leaving after
 colliding with property damage (LAC-PD) in violation of
 
 D.C. Code § 50-2201
 
 .05c (2013 Supp.).
 
 [2]
 
 On appeal, appellant alleges that there was insufficient evidence to satisfy the
 
 mens rea
 
 element of the offense, which requires that the appellant "know[ ] or ha[ve] reason to believe that his ... vehicle has been in a collision."
 
 D.C. Code § 50-2201
 
 .05c (a). Because we have no basis for determining whether the trial court's verdict properly incorporated the
 
 mens rea
 
 element, we vacate appellant's conviction and remand the case for the court to reweigh the evidence and to render a new verdict.
 

 I.
 

 On October 15, 2013, around 10:25 p.m., appellant was attempting to move his car out of a parallel parking space near the 1700 block of Bay Street, Southeast, Washington, D.C. At this same time, Metropolitan Police Department (MPD) Officers Naples and Barriteau were on the same block responding to a family disturbance call when they heard a "loud crash." Officer Naples turned around and observed a burgundy Ford Explorer "up against the vehicle in front of it" and stated that it looked like the Ford Explorer had "collided" with this vehicle. He observed the driver of the Ford Explorer, later identified as appellant, put the vehicle in reverse, move out of the parking space, and start driving away at about ten miles per hour.
 

 The officers chased after the Ford Explorer, which stopped halfway down the block. Officer Naples instructed appellant to exit the vehicle. As appellant exited the vehicle, Officer Naples noticed that appellant's balance was unsteady and his eyes seemed heavy and bloodshot. The officers advised appellant that they believed he had struck a vehicle, and Officer Naples testified that appellant "had no idea what we were talking about[,]" and that "[h]e didn't know that he had collided with a vehicle." Officer Naples also testified that he noticed an alcoholic beverage odor coming from appellant's person, and thus, proceeded to conduct the standard field sobriety tests. Appellant failed the field sobriety tests and was placed under arrest.
 

 At trial, the owner of the Volvo, Robert Southern, testified that he noticed, sometime during the week of October 15, 2013, that someone had hit his car as he observed "a white streak along the back left side rear bumper that had not been there before." Appellant testified that he did not hit the Volvo. The trial court found appellant guilty of LAC-PD.
 

 II.
 

 In evaluating the sufficiency of the evidence, "we view the evidence in the light most favorable to the government, giving full play to the right of the [fact-finder] to determine credibility, weigh the evidence, and draw justifiable inferences of fact, and making no distinction between direct and circumstantial evidence."
 
 Medley v. United States
 
 ,
 
 104 A.3d 115
 
 , 127 n.16 (D.C. 2014) (internal quotation marks omitted). "Where the evidentiary record is sufficient to support the verdict in a bench trial, but the findings of fact underlying the verdict are insufficient, we therefore have deemed it appropriate to remand for the judge to augment those findings as necessary to clarify whether the verdict can stand."
 
 Warner v. United States
 
 ,
 
 124 A.3d 79
 
 , 89 (D.C. 2015).
 

 Appellant contends that there was insufficient evidence of the requisite
 
 mens
 

 rea
 
 to find him guilty of leaving after colliding with property damage. The statute requires that the person operating the vehicle must "know[ ] or ha[ve] reason to believe" that their vehicle was in an accident.
 
 D.C. Code § 50-2201
 
 .05c(a). In ruling, the trial court expressed doubt about whether appellant knew that his car had been in a collision, stating:
 

 [T]his happens to me, quite frankly, and maybe, perhaps when [appellant] was pulling out he didn't realize he had hit the car because the damage to the bumper is so slight that what it looks like is, while it's being described as a crash, I mean, it's not the crash in, it can't be a crash in the stereotypical way that we think of a crash .... Here, the bumper is fully intact, it just has scratch marks on it, which is consistent with sort of someone pulling out of a parking space and, and sliding by the car in front of it and so that, so you're both, so you're rubbing by the car in front of you, which is technically a collision but, you know, that sort of problem, that probably happens every day in this city given the parking constraints that we are faced with.
 

 Nevertheless, the trial court found appellant guilty of LAC-PD because it believed that lack of knowledge was not a sufficient defense to this crime.
 
 [3]
 

 This, however, was an erroneous statement of the law-not being aware of the collision constitutes a proper defense if the operator of the vehicle did not know or have reason to believe that he or she had collided with another vehicle. From the trial court's statements, it is evident that the trial court had some doubt as to whether appellant had actual knowledge of the crash, especially in light of appellant's testimony that he did not hit the car. The trial court, however, made no factual findings as to whether appellant should have known that he had been in an accident, another means to satisfy the
 
 mens rea
 
 element required under
 
 D.C. Code § 50-2201
 
 .05c(a). "In a bench trial, ... the trial court will often reveal the precise basis for the decision. We think that if that particular basis is erroneous but other bases not addressed by the trial court would sustain a conviction, the proper course of action is to remand rather than reverse outright."
 
 Foster v. United States
 
 ,
 
 699 A.2d 1113
 
 , 1116 n.5 (D.C. 1997). "Therefore, 'we are constrained to remand this case for the court to weigh the evidence in the record afresh and render a new verdict.' "
 
 Grayson v. United States
 
 ,
 
 953 A.2d 327
 
 , 328 (D.C. 2008) (quoting
 
 Shewarega v. Yegzaw
 
 ,
 
 947 A.2d 47
 
 , 54 (D.C. 2008) ).
 

 Accordingly, we vacate appellant's conviction and remand the case to the Superior Court for further proceedings in accordance with our opinion.
 

 So ordered.
 

 The case caption and record erroneously invert appellant's first and last names. At trial, appellant stated his name as "Crawford James Junior."
 

 Appellant was found not guilty of one count of driving under the influence of alcohol in violation of
 
 D.C. Code § 50-2206.11
 
 (2013 Supp.).
 

 The trial court stated:
 

 And the notion that you weren't aware of the fact that you hit the car is not necessarily a defense that I'm aware of under the law, that I've been told about. So I find the defendant guilty of leaving after colliding and there's not even been an allegation made that he didn't know he hit the car. The allegation made was that he didn't hit the car, period.